(R.D. 11746)

Joseph A. Paredes & Co., a/c Andrew D. Darvas Co. *v.* United States

(Decided June 29, 1971)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Robert E. Burke* and *Susan C. Cassell*, trial attorneys), for the defendant.

WILSON, Judge: The two appeals for reappraisement before me were consolidated for trial. The merchandise consists of plaster of paris statues and bas reliefs which were manufactured and exported by W. H. Bossons (Sales) Limited, Cheshire, England. This merchandise was exported in R67/7724 on September 9, 1966 and in R66/4728 on March 2, 1964. The record and exhibits in reappraisements R65/4900, etc., decided in *Joseph A. Paredes & Co., a/c Andrew D. Darvas Co.* v. *United States*, 63 Cust. Ct. 557, R.D. 11675 (1969), were incorporated herein without objection. In that case involving the same merchandise (R. 6), the goods were exported on May 1, 1964, June 2, 1964, August 15, 1966 and October 1, 1966.

Appraisement in the instant two appeals and in the four appeals in the incorporated cases, was made on the admittedly correct basis of export value under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at the invoice unit prices, plus 25 percent, less 2½ percent cash discount, plus packing.

Plaintiff contends herein, as it did in the incorporated case, that the proper export values are the invoice unit prices, less 2½ percent cash discount, plus packing, and that the invoice unit prices represent sales prices to two selected purchasers at wholesale who buy for resale

otherwise than at retail prices which fairly reflect the market value of the imported merchandise.

The imported merchandise is not listed on the Final List of the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521, so such merchandise is subject to appraisement on the basis of export value as defined in the amended tariff act, *supra*.

The following statutes are considered herein:

Section 402(b), *supra*, reads as follows:

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Section 402(f) of the Tariff Act of 1930, as amended reads:

(f) DEFINITIONS.—For the purposes of this section—
(1) The term "freely sold or, in the absence of sales, offered for sale" means sold or, in the absence of sales, offered—
(A) to all purchasers at wholesale, or
(B) in the ordinary course of trade to one or more selected purchasers at wholesale at a price which fairly reflects the market value of the merchandise,
without restrictions as to the disposition or use of the merchandise by the purchaser, except restrictions as to such disposition or use which (i) are imposed or required by law, (ii) limit the price at which or the territory in which the merchandise may be resold, or (iii) do not substantially affect the value of the merchandise to usual purchasers at wholesale.
(2) The term "ordinary course of trade" means the conditions and practices which, for a reasonable time prior to the exportation of the merchandise undergoing appraisement, have been normal in the trade under consideration with respect to merchandise of the same class or kind as the merchandise undergoing appraisement.
(3) The term "purchasers at wholesale" means purchasers who buy in the usual wholesale quantities for industrial use or for resale otherwise than at retail; or, if there are no such purchasers, then all other purchasers for resale who buy in the usual wholesale quantities; or, if there are no purchasers in either of the foregoing categories, then all other purchasers who buy in the usual wholesale quantities.

THE INCORPORATED RECORD

Suffice it to state that the court in the incorporated case held the appraisements were separable, citing cases; that the exporter sold only to two United States importers, each having exclusive nonoverlapping territorial rights in continental United States, each being permitted to sell in Alaska and Hawaii; that plaintiff failed to prove by any probative evidence that its claimed prices were in fact sales prices to a selected purchaser at wholesale who buys for resale otherwise than at retail, at prices which fairly reflect the market value of the imported merchandise; that the evidence did not overcome the presumptively correct appraised values which remain in full force and effect.

THE RECORD IN THE TWO CURRENT APPEALS

Mr. Andrew D. Darvas testified herein as well as in the incorporated case. The two appeals were consolidated for trial and the official papers were received in evidence without being marked. Darvas testified he is familiar with the imported merchandise, negotiated its purchase and met Mr. Bossons in 1963; that they confirmed the freely offered discount of 20 percent as contained in Bossons' letter herein, dated October 16, 1962, exhibit 1, which refers to prices and discount. He said that exhibit 1 reflects their understanding and was received in the ordinary course of business and has been kept as part of his business records. He placed orders for 6 years under same conditions as contained in exhibit 1. He made entry at the price he paid.

The affidavit of Mr. Bossons, exhibit 4, sworn to on May 22, 1968, in the incorporated case has attached thereto a "Price List, January 1, 1967" which is the kind of document Darvas received accompanying the letter, exhibit 1, herein. He stated that the 8-inch wall mask in R67/7724 is listed as 12 shillings and 9 pence and that he paid 10 shillings and 3 pence, which is approximately 20 percent off, while the 5½-inch wall mask is listed at 8 shillings and 6 pence and he paid 6 shillings and 10 pence. Exhibit 1 was received in evidence but is limited to the purpose of showing that a 20 percent discount was offered. Darvas suggested that Bossons state net prices on every item, deducting the 20 percent. The prices quoted then reflected the price with the 20 percent taken off. That is the basis on the current two invoices as well as on the invoices in the former case.

Under cross-examination Mr. Darvas testified he never paid the 20 percent; that one of his competitors is Legend Products who makes something similar to exhibit A in the previous case. It is made of the same material but is not as good. He stated that generally speaking, it is the same type as Bossons'. He has made retail sales of Bossons' products in his retail store at the same address in Berkeley. He stated that he is familiar with Macy's Department Store in San Francisco

and that in 1963 or 1964 he browsed through the department where merchandise such as here imported was offered for sale. He did not speak to Macy's employee who handles the purchasing. He thinks Macy's price was lower, but he never asked them to raise their price. Darvas' retail operations are only 1 or 2 percent of his total turnover and are at a regular retail price. The retail function of his business is kept separate as he must collect sales taxes. It is in a separate room location from his wholesale showroom. When sold at retail, it is so recorded as are other items such as wood carvings, candles, copper and figurines. It is a retail gift shop and he sells to anyone. He has a separate gift shop and a separate wholesale showroom, and he keeps separate records of sales tickets. He said that everything sold at wholesale goes on his order books and is kept separate, and the receipts are banked separately.

On redirect examination Darvas testified that the major part of the items sold in the retail store are samples or leftovers which were no longer handled, while 99 percent of Bossons' are sold at wholesale. He said that the sales to Macy's at San Francisco, Toledo, Pittsburgh, and Washington, D.C. were discontinued by Bossons in 1965 as is stated in Mr. Bossons' affidavit, exhibit 4, in the earlier case, because as stated therein, these sales conflicted with Bossons' interest in selling to their two American wholesalers, Skinner and Darvas. Thereafter he had not heard that Bossons sold to others than to Skinner and Darvas.

On recross-examination Mr. Darvas testified he gets a 20 percent wholesale discount; that during 1963 to 1966 his volume of retail sales was about $5,000 per year of which amount Bossons would be $70 or $80 or $100.

Upon consideration of the combined composite records, exhibits, and briefs of adversary parties, the court concludes that plaintiff has not established that its claimed values fairly reflected the market value of the imported merchandise.

In addition to the findings of fact and conclusions of law stated in the decision in the incorporated case, and now a part of the record in the instant two appeals, the court finds as facts herein:

1. That the imported merchandise in the two current appeals consists of plaster of paris statutes and bas reliefs manufactured and exported by W. H. Bossons (Sales) Limited of Cheshire, England, in R67/7724 on September 9, 1966, and in R66/4728 on March 2, 1964 which are within the dates of exportation involved in the incorporated record.

2. Sales to Darvas by Bossons have been based upon unit invoice prices which prices do not include the 20 percent discount allowed under exhibit 1 herein.

The court finds as conclusions of law:

1. The imported merchandise is subject to duty on the basis of export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. The appraisements in the current two appeals are separable. Plaintiff may rely upon the presumption of correctness attaching to the appraiser's return with respect to all elements of the appraisements except the contested 25 percent addition made by the appraiser herein.

3. Plaintiff has not established by any probative evidence that its claimed prices are in fact sales prices to a selected purchaser at wholesale who buys for resale otherwise than at retail, at prices which fairly reflect the market value of the imported merchandise.

4. The appraised values remain in full force and effect as the evidence does not overcome the presumptively correct appraised values.

Judgment will be entered accordingly.